IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | No. 01 0224 (MFW) |
| | ) | |
| U.S. INTERACTIVE, CORP. (Delaware) | ) | Chapter 11 |
| *et al.*, | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

| | | |
|---|---|---|
| U.S. INTERACTIVE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. A-01-4692 |
| v. | ) | JURY DEMANDED |
| | ) | |
| AMERICAN COMMUNICATIONS | ) | **Related to D. I. 1** |
| NETWORK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER OF DEFENDANT AMERICAN COMMUNICATIONS NETWORK, INC.**

Defendant American Communications Network, Inc. ("ACN"), by and through its undersigned counsel, hereby responds to the Complaint brought by U.S. Interactive, Inc. ("USI") as follows:

**JURISDICTION AND VENUE**

1. The averments of Paragraph 1 constitute conclusions of law as to which no response is required and which are deemed to be denied.

2. The averments of Paragraph 2 constitute conclusions of law as to which no response is required and which are deemed to be denied.

3. The averments of Paragraph 3 constitute conclusions of law as to which no response is required and which are deemed to be denied.

**BACKGROUND**

4. Upon information and belief, admitted.

5. Admitted.

6. Upon information and belief, admitted.

7. Upon information and belief, admitted.

8. Admitted.

9. Denied. ACN entered into a Consultancy Services Agreement in July 1999 with SoftPlus, Inc., a California corporation with a principal place of business at 18900 Stevens Creek Boulevard, Cupertino, CA 95014. Further, the Consultancy Services Agreement, attached as Exhibit "A" to the Complaint, is a writing that speaks for itself.

10. Denied. The Consultancy Services Agreement with SoftPlus is a writing that speaks for itself.

11. Denied. The Consultancy Services Agreement with SoftPlus is a writing that speaks for itself.

12. Denied. The Consultancy Services Agreement with SoftPlus is a writing that speaks for itself.

13. Denied.

14. Denied. The October 2, 2000 letter, attached to the Complaint as Exhibit "B", is a writing that speaks for itself.

15. Denied. The October 2, 2000 letter, attached to the Complaint as Exhibit "B", is a writing that speaks for itself.

16. Admitted in part, denied in part. It is admitted only that between October 2, 2000 and December 11, 2000, payments were made by ACN to USI. As to the remaining averments of Paragraph 16, the December 11, 2000 letter, attached to the Complaint as Exhibit "C", is a writing that speaks for itself.

17. Denied. The December 11, 2000 letter, attached to the Complaint as Exhibit "C", is a writing that speaks for itself.

18. Admitted in part, denied in part. It is admitted only that on December 29, 2000, ACN made a $300,000 payment to USI. The remaining averments of Paragraph 18 are denied.

19. Admitted.

20. Denied. The averments of Paragraph 20 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

21. Denied.

22. Denied.

23. Denied. The averments of Paragraph 23 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

24. Denied.

25. Denied. The averments of Paragraph 25 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

## COUNT I
## BREACH OF CONTRACT

26. ACN incorporates by reference, as if set forth in full herein, its responses set forth in Paragraphs 1 through 25 above.

27. Denied. The averments of Paragraph 27 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not

constitute conclusions of law, they are denied.  Further, the Agreement is a writing that speaks for itself.

28. Admitted.

29. Denied.  The averments of Paragraph 29 constitute conclusions of law as to which no response is required and which are deemed to be denied.  To the extent the averments do not constitute conclusions of law, they are denied.

30. Denied as stated.  It is admitted only that ACN received invoices from USI.

31. Denied.  The averments of Paragraph 31 constitute conclusions of law as to which no response is required and which are deemed to be denied.  To the extent the averments do not constitute conclusions of law, they are denied.

32. Denied.  The averments of Paragraph 32 constitute conclusions of law as to which no response is required and which are deemed to be denied.  To the extent the averments do not constitute conclusions of law, they are denied.

33. Admitted in part, denied in part.  It is admitted only that USI has demanded payment of allegedly outstanding amounts that ACN has not paid.  The remaining averments of Paragraph 33 are denied.

**WHEREFORE,** Defendant American Communications Network, Inc. respectfully requests judgment in its favor and against plaintiff US Interactive, Inc., along with costs, fees and such other relief as is just and proper.

## COUNT II
## PROMISSORY ESTOPPEL

34. ACN incorporates by reference, as if set forth in full herein, its responses set forth in Paragraphs 1 through 33 above.

35. Denied. The averments of Paragraph 35 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

36. Denied. The averments of Paragraph 36 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

37. Denied. The averments of Paragraph 37 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

38. Denied. The averments of Paragraph 38 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

39. Denied. The averments of Paragraph 39 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

40. Denied. The averments of Paragraph 40 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

**WHEREFORE,** Defendant American Communications Network, Inc. respectfully requests judgment in its favor and against plaintiff US Interactive, Inc., along with costs, fees and such other relief as is just and proper.

## COUNT III
## TURNOVER OF PROPERTY

41.     ACN incorporates by reference, as if set forth in full herein, its responses set forth in Paragraphs 1 through 40 above.

42.     Denied.  The averments of Paragraph 42 constitute conclusions of law as to which no response is required and which are deemed to be denied.  To the extent the averments do not constitute conclusions of law, they are denied.

43.     Admitted in part, denied in part.  It is admitted only that USI has demanded payment of allegedly outstanding amounts that ACN has not paid.  The remaining averments of Paragraph 43 are denied.

44.     Denied.  The averments of Paragraph 44 constitute conclusions of law as to which no response is required and which are deemed to be denied.  To the extent the averments do not constitute conclusions of law, they are denied.

45.     Admitted in part, denied in part.  It is admitted only that USI has demanded payment of allegedly outstanding amounts that ACN has not paid.  The remaining averments of Paragraph 45 are denied.

**WHEREFORE,** Defendant American Communications Network, Inc. respectfully requests judgment in its favor and against plaintiff US Interactive, Inc., along with costs, fees and such other relief as is just and proper.

## COUNT IV
## UNJUST ENRICHMENT

46.     ACN incorporates by reference, as if set forth in full herein, its responses set forth in Paragraphs 1 through 45 above.

47.     Admitted.

48. Denied.

49. Denied. The averments of Paragraph 49 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

50. Denied. The averments of Paragraph 50 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

51. Admitted in part, denied in part. It is admitted only that USI has demanded payment of allegedly outstanding amounts that ACN has not paid. The remaining averments of Paragraph 51 are denied.

52. Denied. The averments of Paragraph 52 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

**WHEREFORE,** Defendant American Communications Network, Inc. respectfully requests judgment in its favor and against plaintiff US Interactive, Inc., along with costs, fees and such other relief as is just and proper.

## COUNT V
## ENFORCEMENT OF AGREEMENT

53. ACN incorporates by reference, as if set forth in full herein, its responses set forth in Paragraphs 1 through 52 above.

54. Denied. The averments of Paragraph 54 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

55. Denied. The averments of Paragraph 55 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

56. Denied. The October 2, 2000 Letter is a writing that speaks for itself.

57. Admitted.

58. Admitted in part, denied in part. It is admitted only that ACN made payments to USI after October 2, 2000. The remaining averments of Paragraph 58 are denied.

59. Denied. The averments of Paragraph 59 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

60. Admitted.

61. Denied. The averments of Paragraph 61 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

62. Admitted in part, denied in part. It is admitted only that on or about December 29, 2000, ACN made a $300,000 payment to USI. The remaining averments of Paragraph 62 are denied.

63. Denied. The averments of Paragraph 63 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

64. Admitted.

65. Denied. The averments of Paragraph 65 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

66. Denied. The averments of Paragraph 66 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

67. Denied. The averments of Paragraph 67 constitute conclusions of law as to which no response is required and which are deemed to be denied. To the extent the averments do not constitute conclusions of law, they are denied.

68. Denied as stated. It is admitted only that USI has demanded payment of allegedly outstanding amounts.

69. Denied as stated. It is admitted only that ACN has not paid USI the amounts it has demanded.

**WHEREFORE,** Defendant American Communications Network, Inc. respectfully requests judgment in its favor and against plaintiff US Interactive, Inc., along with costs, fees and such other relief as is just and proper.

## AFFIRMATIVE DEFENSES

70. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

71. The Consultancy Services Agreement attached to the Complaint as Exhibit "A" expired on December 31, 1999. The terms of this Agreement do not apply to any services provided thereafter.

72. USI breached the warranty it provided in the Terms and Conditions of ACN's Purchase Orders, which Purchase Orders were accepted by USI.

73. ACN has suffered damages and incurred expenses arising out of or resulting from defects in the services provided by USI.

74. USI failed to provide all services requested by ACN.

75. ACN has paid USI for all services provided by USI pursuant to the Consultancy Services Agreement attached to the Complaint as Exhibit "A".

**WHEREFORE,** Defendant American Communications Network, Inc. respectfully requests judgment in its favor and against plaintiff US Interactive, Inc., along with costs, fees and such other relief as is just and proper.

Dated: February 7, 2002

                                        SAUL EWING LLP

                                        By: /s/ Linda Richenderfer
                                        Linda Richenderfer (No. LR4138)
                                        222 Delaware Avenue, Suite 1200
                                        Wilmington, Delaware 19801
                                        (302) 421-6804

                                        Attorneys for Defendant
                                        American Communications
                                        Network, Inc.