IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | No. 01-0225 (MFW) |
| | ) | |
| U.S. INTERACTIVE, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| U.S. INTERACTIVE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. A-01-4692 |
| v. | ) | JURY DEMANDED |
| | ) | |
| AMERICAN COMMUNICATIONS | ) | |
| NETWORK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AMERICAN COMMUNICATIONS NETWORK, INC.'S
MOTION FOR DETERMINATION THAT
<u>ADVERSARY PROCEEDING IS NON-CORE</u>**

Defendant American Communications Network, Inc. ("ACNI"), by and through its undersigned counsel, hereby moves the Court for entry of an order, pursuant to 28 U.S.C. §157(b)(3), determining that all counts asserted in the adversary proceeding (the "Adversary Proceeding") are non-core proceedings. In support of this Motion, ACNI respectfully states as follows:

<u>Background</u>

1.  On January 22, 2001 (the "Petition Date"), U.S. Interactive, Inc. ("USI") and its subsidiary U.S. Interactive, Corp. filed for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. 101 <u>et</u> <u>seq</u>. (the "Bankruptcy Code"). Case No. 01-224 for U.S.

Interactive, Corp. and Case No. 01-225 for USI were jointly administered until December 15, 2003.

2.  In June 2001, USI instituted this Adversary Proceeding, which in essence alleges breach of contract claims against ACNI. ACNI seeks the recovery of funds allegedly still due and owing it for the pre-petition period pursuant to a December 2000 letter from ACNI to USI. (Complaint ¶¶ 20-23).

3.  Previously, in July 1999, ACNI entered into a Consultancy Services Agreement (the "CSA") with SoftPlus, Inc. ("SoftPlus"), a California corporation with its principal place of business at 18900 Stevens Creek Boulevard, Cupertino, California. Subsequently, USI acquired SoftPlus and the rights and obligations under the CSA. The CSA contained a term of engagement for the period of July 19, 1999 through December 31, 1999. (Complaint at Exhibit "A").

4.  USI provided certain services to ACNI after the December 1999 expiration of the CSA pursuant to purchase orders and invoices exchanged between the parties. (Answer ¶¶ 71-72). The Terms and Conditions contained in the purchase orders governed the dealings between USI and ACNI or that time period. (Answer ¶¶ 71-72).

5.  The Complaint filed by USI contains five counts: Count I asserts that ACNI breached the CSA; Count II asserts a promissory estoppel claim alleging that ACNI failed to compensate USI for certain services rendered after December, 1999; Count III asserts a turnover claim based on ACNI's alleged failure to pay for services rendered; Count IV asserts an unjust enrichment claim alleging that ACNI benefited from the services allegedly not paid for; and Count V seeks to enforce the terms of a purported letter agreement entered into by the parties.

6.  On February 2, 2002, ACNI filed its answer (the "Answer") to the Complaint. The Answer contains six affirmative defenses, disputes many of the material allegations contained in the Complaint and denies liability to USI. In addition, ACNI has demanded a jury trial.

7.  ACNI has not filed any proofs of claim in USI's bankruptcy case.

8.  On or about February 2, 2004, the Court entered a Final Decree Closing Case No. 01-224, effective *nunc pro tunc* to December 15, 2003 and retaining jurisdiction of the above captioned adversary proceeding as part of Case No. 01-225. [C.A. No. 01-224, D.I. 795].

9.  Pursuant to Local Rule of Bankruptcy Procedure 5011-1, contemporaneously with the filing of this motion, ACNI has filed a motion to withdraw the reference and to have this matter tried in the district court.

### Relief Requested

10.  ACNI requests that this Court enter an order that all of the counts asserted in the Complaint are non-core matters pursuant to 29 U.S.C. § 157(b).

### Basis for Relief

11.  Prior to the district court's consideration of a motion to withdraw the reference, the bankruptcy court must make a determination as to whether a proceeding is core or non-core under 11 U.S.C. § 157(b). *Mellon v. Delaware & Hudson Railway Co. (In re Delaware & Hudson Railway Co.)*, 122 B.R. 887, 891 (D. Del. 1991) ("The Court concluded that 28 U.S.C. § 157(b)(3) requires the bankruptcy judge to determine whether a proceeding is core or non-core"). In so doing, the bankruptcy court aids the district court in deciding whether a particular proceeding, in whole or in part, should be withdrawn. *See Hatzel & Buehler, Inc. v. Orange & Rockland Utils, Inc.*, 107 B.R. 34, 39 (D. Del. 1989) (holding relevant consideration for

withdrawal includes "the nature of the proceeding (*i.e.*, core or non-core proceeding) and judicial economy"); *Sullivan v. Maryland Cas. Co. (In re Ramex Int'l, Inc.)*, 91 B.R. 313, 315 (E.D. Pa. 1988) (stating first step in withdrawal analysis is to classify adversary proceeding as core or non-core).

12.     The list of proceedings that are "core" proceedings are contained in 28 U.S.C. § 157(b)(2). In addition, the Third Circuit Court of Appeals has established a further test to determine if a matter is core. "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Beard v. Braunstein*, 914 F.2d 434, 444 (3d Cir. 1990); *see also Torkelsen v. Maggio (In re The Guild and Gallery Plus, Inc.)*, 72 F.3d 1171, 1178 (3d Cir. 1996) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that by its nature, could arise only in the context of a bankruptcy case.") (quotations omitted). Finally, Delaware courts have "elaborated on the definition of a core proceeding by stating that '[t]o be a core proceeding, a action must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment although of necessity there may be a peripheral state law involvement.'" *Delaware Hudson Ry. & Co.*, 122 B.R. at 890 (citing *Hudson and Buehler*, 107 B.R. at 40) (citations omitted).

13.     All of the claims in the Complaint relate to the parties' contractual dealings, have their basis in state law and do not constitute core matters.

    (a)     Count I alleges a claim for breach of a contract that provides by its terms that it is to be construed pursuant to the laws of the state of California. The CSA expired on December 31, 1999. Accordingly, any damages that USI asserts pursuant to the CSA

accrued prior to the Petition Date. Therefore, Count I is a non-core proceeding. *Accord Beard v. Braunstein*, 914 F.2d at 443 ("It is clear that to the extent that the claim is for pre-petition contract damages, it is non-core"); *Baldwin Park Inn Assoc. v. City of Baldwin Park (In re Baldwin Park Inn Assoc.)*, 144 B.R. 475, 481 (C.D. Cal. 1992) ("state law contract claims do not constitute 'core' proceedings in bankruptcy").

(b)  Count II asserts a claim for promissory estoppel. Promissory estoppel is a state law cause of action based upon principles of contract law. *See In re Phillips Petroleum Securities Litig.*, 697 F.Supp. 1344, 1353 (D. Del. 1988), *aff'd in part and vacated in part on other grounds*, 881 F.2d 1236 (3d Cir. 1989). Although not entirely clear from the Complaint, Count II appears to assert promissory estoppel as an alternative theory of recovery during the time prior to the expiration of the CSA and as the theory of recovery pursuant to the purchase orders issued after the CSA expired. To the extent that Count II seeks recovery based upon pre-petition contractual dealings, the nature of the proceeding is clearly non-core. *See Beard v. Braunstein*, 914 F.2d at 443.[1]

(c)  Count III asserts a claim for turnover of money allegedly due and owing in connection with the CSA and certain pre-petition letters from ACNI to USI. When reduced to its essence, this Count is nothing more than a pre-petition contract action and a non-core proceeding. *See Beard v. Braunstein*, 914 F.2d at 443. Regardless of whether the recovery under the alleged pre-petition letter agreements could possibly increase the distribution to USI's creditors, it remains a request by USI to force ACNI to comply with

---

[1] If the Complaint concerns any post-petition service at all they are insignificant in scope An inconsequential amount of post-petition conduct that relates to pre-petition transactions is not enough to transform Count II into a core proceeding. *See Hackeling v. Rael Automatic Sprinkler Co., Inc. (In re Luis Elec. Contracting Corp.)*, 165 B.R. 358, 362-64 (Bankr. E.D.N.Y. 1992) (holding that when the allegations involve, for the most part, pre-petition events and a few related post-petition breaches, the proceeding was not converted to a core proceeding simply by virtue of the post-petition events).

the terms of an alleged pre-petition agreement which is by definition a non-core proceeding. *Yarosz v. National American Insurance Co. (In re Yarosz)*, Bankr. No. 5-94-00199, Adv. Pro. No. 5-94-00161A, 1995 WL 311867, at *2 (Bankr. M.D. Pa. March 24, 1995)(holding where debtor requested the court to force defendants to comply with the terms of a pre-petition contract the fact that if debtor was successful on the merits there could be a increased distribution to creditors was not enough to make the matter a core proceeding) (attached hereto as Exhibit "A").

(d) Count IV alleges unjust enrichment. Similar to promissory estoppel, unjust enrichment is a cause of action based upon contract law and is grounded in state law rights. *Hackeling*, 165 B.R. at 362. Accordingly, Count IV is not a core proceeding.

(e) Count V asserts a claim for enforcement of agreement. Count V is based upon letters dated October 2, 2000 and December 11, 2000 (collectively, the "Letters") sent from ACNI to USI during the pre-petition period. This Count seeks specific performance of the alleged pre-petition agreements embodied within the Letters and is a non-core proceeding. *See Beard v. Braunstein*, 914 F.2d at 443.

14. All of the claims made in the Complaint arise only under state law and do not constitute core proceedings. None of the Counts has "as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment." *Delaware & Hudson Ry.*, 122 B.R. at 894. Furthermore, each of Counts asserts against ACNI a claim that could have been brought by USI independent of the bankruptcy proceeding. State law involvement in these Counts is not "peripheral;" rather, it is exclusive.

15. In summary, the claims contained in the Complaint do not meet any of the requirements established by Delaware courts for finding a proceeding to be a core proceeding.

Accordingly, ACNI respectfully requests that the Court enter an order stating that Counts I, II, III, IV and V of the Complaint are non-core proceedings.

16. As this Motion presents no novel issues of law, ACNI relies upon the authorities cited herein and waives the requirement of filing a separate brief in support of this Motion pursuant to D. Del. L.R. 7.1.2. However, ACNI reserves the right to file a brief in reply to any response to this Motion.

**WHEREFORE**, American Communications Network, Inc. respectfully requests that the Court enter an order finding that Counts I, II, III, IV and V of the Adversary Proceeding are non-core proceedings and granting such other relief as is just.

Linda Richenderfer (No. 4138)
Chad J. Toms (No. 4155)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800

Attorneys for Defendant
American Communications Network, Inc.

Dated: March 30, 2004