# EXHIBIT A

**Westlaw.**

Not Reported in B.R.  
(Cite as: 1995 WL 311867 (Bankr.M.D.Pa.))

Page 1

Only the Westlaw citation is currently available.

United States Bankruptcy Court, M.D. Pennsylvania.

In re John YAROSZ, Debtor.  
John YAROSZ, Plaintiff,  
v.  
NATIONAL AMERICAN INSURANCE COMPANY and Midwest Indemnity Corp., Defendants.

**Bankruptcy No. 5-94-00199. Adv. No. 5-94-00161A.**

March 24, 1995.

Robert Spielman, Bloomsburg, PA, for debtor/plaintiff.

Donna M. Miller, Center Valley, PA, for defendants.

*OPINION AND ORDER*

JOHN J. THOMAS, Bankruptcy Judge.

**\*1** Before the court is a complaint of the Debtor, John Yarosz, (hereinafter "Debtor"), seeking an order of this court to compel the Defendants, National American Insurance Company and Midwest Indemnity Corporation, (hereinafter "Defendants"), to pay Form 941 taxes to the IRS pursuant to Internal Revenue Code Section 6672, 11 U.S.C. § 507(a) and 1129(a)(9)(C). The facts are not in dispute and can be summarized briefly as follows.

In or about October of 1991, Varsity Sodding Service, Inc. entered into two (2) subcontracts with George Hyman Construction Company for the construction of the National Archive Building Project in College Park, Maryland, and for the construction of the Naval Intelligence Center in Suitland, Maryland. National American Insurance Company supplied performance and payment bonds for both of the projects. Thereafter, Varsity Sodding failed to pay employer withholding taxes for both of the projects. The complaint alleges that this refusal or inability to pay the withholding taxes constituted a default by varsity sodding under the terms of the bonds. Based upon these facts, the complaint alleges that National American Insurance Company is indebted to the IRS in the approximate amount of One Hundred Twenty-Six Thousand Five Hundred Eighty-Eight and 38/100 Dollars ($126,588.38). This responsibility stems from the fact that the Debtor, as a responsible officer of Varsity Sodding, is personally obligated for payment of the withholding taxes and, therefore, National American Insurance Company should be required to pay the same in order to relieve the Debtor of this liability. The Debtor asserts standing by arguing that he is third-party beneficiary under the terms of the contract and, as a Debtor-in-Possession, this court has jurisdiction over this case.

The Defendants respond by filing the instant Motion to Dismiss. Among a number of responses by the Defendants are that the Debtor, if claiming third-party beneficiary status, must accept contract burdens as well as benefits. One of those burdens is to be subject to the contractual forum selection clause found in the bonds which places resolution of any disputes under the bonds in the state court or the district court in which the contract was performed. Alternatively, the Defendants argue that the employer withholding taxes are not payable by a surety under the bonds and, because withholding taxes under the Internal Revenue Code are taxes and not wages, they are equally not payable by a surety under the bond. Finally, the Defendants argue that the Debtor has no right to action under the bonds because he is not a claimant under the bonds.

The court, at this point, is hesitant to address substantive issues under the terms of the bond including the enforcement of the contractual provisions of the bonds concerning the forum selection clause. A determination as to effect of that provision requires a resolution of a substantive issue concerning the rights of the parties under the terms of the bond. So too would be a decision as to whether or not this Debtor can claim third-party beneficiary status under the contracts.

**\*2** Neither side has put into focus the court's jurisdictional basis for hearing the underlying complaint. In other words, does this court have jurisdiction under the provisions of 28 U.S.C. § 1334 and 28 U.S.C. § 157? In conjunction with this question, neither of the parties presented or focused on the posture of the case itself.

This Debtor has a confirmed Chapter 11 plan under

Not Reported in B.R.                                                                                                                   Page 2
**(Cite as: 1995 WL 311867 (Bankr.M.D.Pa.))**

which, presumably, the Debtor has been fulfilling its responsibilities. One of the terms of the plan was a jurisdictional reservation in this court of all adversaries pending at the time of the confirmation of the plan. But, what is the gravamen of the instant complaint? The Debtor, as a third-party beneficiary to a contract, requests this court to force the Defendants, as the promisor under a surety bond, i.e. a contract, to perform its obligations under the terms of that bond. In essence, the court is presented with a breach of contract action or an action to compel specific performance of the terms of a contract. This court has earlier held that enforcement of pre-petition contract actions or breaches of that contract are non-core related proceedings. See *Agri-Concrete Products v. Fabcor & Mt. Pocono, 153 B.R. 673 (Bankr.M.D.Pa. 1993)*.

In this action, the Debtor is requesting the court to force the Defendants to comply with the terms of this pre-petition contract. Is the matter a core proceeding giving this court jurisdiction to proceed or is it a non-related matter to which this court may have jurisdiction but may decline to exercise that jurisdiction? Under the terms of the Third Circuit case of *Pacor v. Higgins, 743 F.2d 984 (3rd. Cir. 1984)*, the instant matter is a related non- core proceeding. It is true that there conceivably will be an increase in the distribution to be made to this Debtor's unsecured creditors should it be successful on the merits of the underlying complaint but, that in itself, does not render the instant matter a core proceeding.

After a review of the complaint, the pre-trial motions and all supporting documents filed thereto, the court has determined that, since it cannot enter a final order, it will abstain from hearing this matter. This court exercises that discretionary abstention sua sponte. See *Scherer v. Carroll, 150 B.R. 549, 552 (D.Vt. 1993); In Re Cloverly Associates, Ltd. Partnership, 1993 Bankr.Lexis 405 (Bkrtcy.E.D.Pa. 1993)*.

Many of the commonly accepted factors a court should look to when determining whether to exercise its discretionary abstention powers are those which courts look to in a withdrawal of reference situation. These factors are set forth in *Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc. (In Re Republic Reader's), 81 B.R. 422, 429 (Bankr.S.D.Tex. 1987)* and they are as follows:
(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of my docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

\*3 The twelve (12) factors listed by the *In Re Republic Reader's* case are not in the conjunctive. Therefore, the court does not need to find each of the twelve (12) factors present to exercise its discretionary abstention.

The court has determined that the overall effect on the efficient administration of this instant bankruptcy estate is nominal. There are no core bankruptcy matters to be severed from the state law claim thereby rendering any impediment to the entering of a judgment in state court with enforcement left to the bankruptcy court. With no apparent creditor activity and a presumption that the Debtor is fulfilling the terms of the confirmed plan, the instant matter is remote to the continued proceeding of the main bankruptcy case. Finally, the court has determined, based upon the arguments made by the Debtor in his brief concerning the alleged difficulties of presenting this adversary in the courts of Maryland, that there is a strong likelihood that this case is presently in the bankruptcy court as a result of the Defendant forum shopping.

Based upon the foregoing, the court has determined to exercise its discretionary abstention powers under 28 U.S.C. § 1334(c)(1). The court does not render any decision on the merits of any of the arguments raised in the complaint and the Motion to dismiss and the change of venue. By abstaining from this instant matter, the court considers the complaint and Motion to dismiss to be moot at this point.

1995 WL 311867 (Bankr.M.D.Pa.)

END OF DOCUMENT