IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE: U.S. INTERACTIVE CORP.

| | | |
|---|---|---|
| U.S. Interactive, Inc., | ) | |
| Plaintiff, | ) | Civil Action No: 04-265 GMS |
| v. | ) | |
| American Communications Network, Inc. | ) | Adversary Case No: 01-4692 |
| Defendant. | ) | Bankruptcy Case No: 01-00224 |

## JOINT STATUS REPORT

The Plaintiff, U.S. Interactive, Inc. ("USIT"), and the Defendant, American Communications Network, Inc. ("ACN"), by and through their undersigned counsel, hereby submit their Joint Status Report pursuant to the Court's Order dated February 7, 2006.

1. <u>Jurisdiction and Service</u>. This case was originally filed in the Bankruptcy Court for the District of Delaware as Adv. No. 01-4692. On or about March 30, 2004, ACN brought a Motion to Withdraw the reference and have the matter transferred to District Court. This Motion was granted by Order dated May 3, 2004. This Court has jurisdiction pursuant to 28 U.S.C. § 157(d), 28 U.S.C. § 1334 and 28 U.S.C. § 1332. All of the parties are subject to the Court's jurisdiction and there are no remaining parties to be served.

2. <u>Substance of the Action</u>. On July 16, 1999, ACN entered into a Consultancy Services Agreement (the "Agreement") with SoftPlus, Inc. ("SoftPlus"). USIT then acquired Softplus and all of the rights affiliated with the Agreement. According to the Agreement, USIT issued invoices to ACN for services provided by USIT.

USIT contends that on October 2, 2000, ACN's CEO agreed to enter into a payment plan to address the outstanding balance owed as of the time, which was $1,591,637.16. By letter dated December 11, 2000, ACN's CEO again wrote to USIT and informed USIT that it needed to alter the payment plan but that it would continue to make payments to USIT for monies owed. ACN paid down some of its debt to USIT but, at the time of the filing of the Complaint, owed $806,701.00 left under the terms of the agreement.

ACN contends that pursuant to Article 6, the Agreement terminated on December 31, 1999. All monies due USIT under the terms of the Agreement were paid. Thereafter, ACN issued purchase orders to plaintiff for additional services. USIT breached the warranty terms included in the ACN Purchase Orders and did not provide all requested services. ACN does not agree with plaintiff's characterization of the October and December 2000 letters, which letters did not include all credits due ACN for USIT's poor performance.

3. <u>Identification of Issues</u>. From the Plaintiff's perspective, there are no factual or legal issues outstanding. ACN's acknowledgment in October and December of 2000, are clear admissions that ACN recognized that the money was owed and, USIT's records clearly show that it has not been paid.

From the Defendant's perspective, there are legal and factual issues outstanding. The Defendant does not believe that the October or December 2000 letters legally or factually constitute "clear admissions." Further, as USIT did not provide all requested services and, with respect to certain services provided USIT breached the relevant warranties, credits are due ACN.

4. <u>Narrowing of Issues</u>. USIT believes that the issues in the litigation are clear and straightforward. Given the nature of the action, i.e., a breach of contract action,

2

532660.1

we believe the issues can be resolved on Summary Judgment. ACN, however, believes that there are contested issues of material fact such that summary judgment is not appropriate.

5.  Relief. USIT is seeking $806,701.00 with pre- and postjudgment interest. This is the alleged balance of the amounts owed to USIT. USIT further seeks recovery of its attorneys' fees and legal expenses pursuant to the Agreement.

6.  Amendment of Pleadings. USIT will, with permission of the Court, amend its Complaint to seek recovery of attorneys' fees and legal expenses incurred in prosecuting this action. ACN will oppose this untimely action.

7.  Joinder of Parties. USIT and ACN are not aware of any parties that need to be joined to this action.

8.  Discovery. The parties have exchanged written discovery requests and responses. There may be some follow-up written discovery to be conducted, in addition to depositions.

9.  Estimated Trial Length. USIT and ACN anticipate trial will be no more than three (3) days.

10. Jury Trial. ACN requested to withdraw the reference from the Bankruptcy case to pursue its right to a jury trial.

11. Settlement. The parties themselves engaged in informal settlement negotiations prior to the reference being withdrawn, and defense counsel had limited settlement discussions with prior counsel for USIT. Counsel believe that formal mediation would be appropriate.

12. Other Matters.

3

532660.1

13.  The undersigned counsel has conferred about each of the above matters.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
Seth J. Reidenberg, Esquire (No. 3657)
1000 West Street, 17th Floor
The Brandywine Building
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
sreidenberg@ycst.com
Attorneys for Plaintiff

SAUL EWING LLP

_____
Linda Richenderfer, Esquire (No. 4138)
Chad J. Toms, Esquire (No. 4155)
222 Delaware Avenue
Suite 1200
P.O. Box 1266
Wilmington, DE 19899-1266
(302) 421-6804
lrichenderfer@saul.com
Attorneys for Defendant

532660.1