IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE: U.S. INTERACTIVE CORP.

| | |
|---|---|
| U.S. Interactive, Inc.,       ) | Civil Action: 04-265 GMS |
|         Plaintiff,    ) | |
|                 ) | |
|   v.               ) | |
|                 ) | |
| American Communications Network, Inc.,   ) | |
|                 ) | |
|         Defendant.    ) | |

## **FIRST AMENDED COMPLAINT**

U.S. Interactive, Inc. ("USI"), by and through its attorneys, files this, its

Complaint against American Communications Network, Inc. ("ACN"), and in support thereof,

avers as follows:

### **Jurisdiction and Venue**

1.     Jurisdiction is proper pursuant to 28 U.S.C. § 157.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (A), (E), and

(O).

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1334.

### **Background**

4.     USI is a Delaware corporation doing business at 20863 Stevens Creek

Blvd., Ste. 100, Cupertino, CA  9508.

5.     On information and belief, ACN is a Michigan corporation doing business

at 32991 Hamilton Court, Farmington Hills, MI  48334.

6.     On or about January 22, 2001 (the "Petition Date"), USI filed for relief under Chapter 11 of the United States Bankruptcy Code.

7.     Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, USI continues in the management and possession of its property as debtor in possession.

8.     On information and belief, ACN is a cooperative marketing company that offers telecommunications services such as long distance, internet and utility services.

9.     On or about July 16, 1999, ACN executed a Consultancy Services Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit "A" and incorporated by reference, with USI for the purpose of engaging USI to provide consultants to assist with software development, customization and other related services.

10.    USI's obligations were to be performed in multiple phases.

11.    Pursuant to the Agreement, USI was to compensated a flat fee of $12,500 for completion of phase 1 and was to be compensated at a blended per diem rate of $1,200.00 for work related to phase 2.

12.    Pursuant to the terms of the Agreement, USI would invoice ACN twice monthly for services rendered.  Payment on the invoices would be due within thirty (30) days of ACN's receipt of an invoice.

13.    USI completed phase 1 and continues to render follow up services related to phases 1 and 2.

14.    On or about October 2, 2000, ACN issued a document (the "October 2 Document"), a copy of which is attached hereto as Exhibit "B" and incorporated by reference, to USI acknowledging that there was a balance of $1,591,637.16 owing to USI for services rendered.

2

15.     The document issued to USI provided a schedule fo repayment of the past due amount.

16.     Subsequent to payment being made by ACN, on or about December 11, 2000, ACN issued a document (the "December 11 Document"), a copy of which is attached hereto as Exhibit "C" and incorporated by reference, to USI that amended the October 2 Document.

17.     The December 11 Document acknowledged that a past due balance of $1,201,657.74 existed, and provided that payment of the balance would occur upon the earlier of (i) ACN's receipt of funds from Global Crossing or (ii) completion of ACN's sale of one of its subsidiaries.

18.     Consistent with the December 11 Document, and as an accommodation to USI, ACN advanced an additional $300,000.00 to USI on or about December 29, 2000.

19.     ACN has received funds from Global Crossing.

20.     ACN has not cured the outstanding balance as required by the October 2 Document as amended by the December 11 Document (collectively the "Documents")

21.     ACN continues to issue purchase orders to USI for the provision of service.

22.     USI continues to provide a service to ACN consistent with the purchase orders.

23.     ACN's total outstanding obligation to USI is $806,701.00 (the "Outstanding Amount").

24.     USI has invoiced ACN for the Outstanding Amount.

DB01:2007572.1                                        057935.1001

25.    ACN has received the invoices for the Outstanding Amount, and has refused to remit payment consistent with the terms of the Agreement and the Documents.

## COUNT I

### Breach of Contract

26.    USI incorporates paragraphs 1 through 25 above as if set forth at length herein.

27.    Pursuant to the terms of the Agreement, USI was obligated to provide services to ACN.  In exchange, ACN was responsible for payment for those services.

28.    Pursuant to the terms of the Agreement, USI provided services to ACN.

29.    USI has performed all of its obligations under the Agreement.

30.    USI invoiced ACN for the services provided.

31.    Pursuant to the terms of the Agreement, ACN was required to remit payment to USI.

32.    ACN has not remitted payment of the Outstanding Amount as required by the Agreement.

33.    USI continues to demand, and ACN refuses to provide payment on the Outstanding Amount.

WHEREFORE, US Interactive, Inc. respectfully requests entry of an Order granting it judgment against defendant in the amount of $806,701.00 plus interests, costs, legal expenses, including court costs and reasonable attorneys' fees, and such other further relief as is appropriate.

DB01:2007572.1                                              057935.1001

## COUNT II

### Promissory Estoppel

34.    USI incorporates paragraphs 1 through 33 above as if set forth at length herein.

35.    ACN promised to compensate USI for services provided by USI to or on account of ACN.

36.    ACN induced USI to provide the above-described services and specifically requested same through its purchase orders.

37.    USI relied on the promises made to ACN and provided services to ACN.

38.    USI's reliance on the ACN's promises was reasonable.

39.    USI has been harmed by ACN's promises as ACN has incurred an outstanding debt to USI based on the promise, and ACN has not paid the outstanding debt.

40.    The fair value of the services provided to ACN is $806,701.00.

WHEREFORE, US Interactive, Inc. respectfully requests entry of an Order granting it judgment against defendant in the amount of $806,701.00 plus interests, costs, legal expenses, including court costs and reasonable attorneys' fees, and such other further relief as is appropriate.

## COUNT III

### Turnover of Property

41.    USI incorporates paragraphs 1 through 40 above as if the same was set forth at length herein.

42.    Pursuant to the terms of the Agreement and the Documents, ACN is obligated to pay USI the Outstanding Amount.

43.    ACN has not paid USI the Outstanding Amount.

DB01:2007572.1                                                                                                              057935.1001

44.    The funds owed USI is property which USI, as debtor-in-possession, may use, sell or lease section 363 of the Bankruptcy Code.

45.    Demand for payment in the amount of $806,701.00 has been made; however, ACN has refused such demand.

WHEREFORE, US Interactive, Inc. respectfully requests entry of an Order granting it judgment against defendant in the amount of $806,701.00 plus interests, costs, legal expenses, including court costs and reasonable attorneys' fees, and such other further relief as is appropriate.

## COUNT IV

### Unjust Enrichment

46.    USI incorporates paragraphs 1 through 45 above as if the same was set forth at length herein.

47.    ACN requested USI provide services.

48.    USI provided the services requested by ACN.

49.    ACN benefited from USI's provision of service.

50.    ACN benefited from the expense of USI.

51.    USI has demanded payment from ACN.

52.    It is unjust to allow ACN to retain the benefits provided by USI.

WHEREFORE, US Interactive, Inc. respectfully requests entry of an Order granting it judgment against defendant in the amount of $806,701.00 plus interests, costs, legal expenses, including court costs and reasonable attorneys' fees, and such other further relief as is appropriate.

DB01:2007572.1    057935.1001

## COUNT V

### Enforcement of Agreement

53.     USI incorporates paragraphs 1 through 52 above as if the same was set forth at length herein.

54.     ACN promised to pay USI $1,591,637.16 in the October 2 Document.

55.     The October 2 Document did not condition payment.

56.     The October 2 Document provided a payment plan for the $1,591,637.16.

57.     The October 2 Document was signed by the CEO of ACN.

58.     ACN commenced payment under the October 2 Document.

59.     The December 11 Document modified the terms of the October 2 Document.

60.     The December 11 Document was signed by the CEO of ACN.

61.     The December 11 Document recognizes a debt of $1,201.657.74.

62.     Consistent with the payment terms described in the December 11 Document, ACN made payment to USI in the amount of $300,000.00.

63.     Before payment of the remaining outstanding balance could be paid, the December 11 Document required that either (i) ACN's receipt of funds from Global Crossing or (ii) completion of ACN's sale of one of its subsidiaries.

64.     Global Crossing has advanced payment.

65.     The outstanding balance described in the December 11 Document became due.

66.     The outstanding balance described in the December 11 Document has not been cured.

67.     Pursuant to the terms of the December 11 Document, ACN is past due.

057935.1001

68.    USI has demanded payment.

69.    ACN has refused payment.

WHEREFORE, US Interactive, Inc. respectfully requests entry of an Order granting it judgment against defendant in the amount of $806,701.00 plus interests, costs, legal expenses, including court costs and reasonable attorneys' fees, and such other further relief as is appropriate.

## COUNT VI

### Attorneys' Fees and Costs

70.    USI incorporates paragraphs 1 through 69 as if the same were set forth at length herein.

71.    Pursuant to Article 12 of the Agreement, the prevailing party in any legal proceeding arising out of or in connection with the Agreement shall be entitled to recover its legal expenses, including court costs and reasonable attorneys' fees.

72.    Pursuant to Article 12.2, USI is entitled to its legal expenses, including court costs and reasonable attorneys' fees if it is the prevailing party in this litigation.

WHEREFORE, US Interactive, Inc. respectfully requests entry of an Order granting it judgment against defendant in the amount of $806,701.00 plus interests, costs, legal expenses, including court costs and reasonable attorneys' fees, and such other further relief as is appropriate.

DB01:2007572.1                                                                                                  057935.1001

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
Seth J. Reidenberg, Esquire (No. 3657)
1000 West Street, 17th Floor
The Brandywine Building
Wilmington, Delaware  19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
sreidenberg@ycst.com
Attorneys for Plaintiff

Dated:  March /, 2006

9